IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-107-GMS |
| ERICK COLEMAN, | : | |
| Defendant. | : | |

DEFENDANT COLEMAN'S
MOTION TO SUPPRESS PHYSICAL EVIDENCE

AND NOW comes the defendant, Erick Coleman, by his attorney Luis A. Ortiz of the Federal Public Defender's Office, and pursuant to the Fourth Amendment of the United States Constitution, files this Motion to Suppress Physical Evidence.

1. By indictment filed July 24, 2008, defendant Erick Coleman was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

2. The indictment alleges that on or about July 1, 2008, defendant was in possession of a Ruger Model P95-DC semi-automatic pistol, Serial No. 311-41104.

3. The prosecutor has provided defense counsel with a redacted copy of a Wilmington police report generated on July 1, 2008.

4. Without stipulating to the accuracy of the Wilmington police report, that report alleges, in relevant part, as follows:

    a. police were dispatched to the intersection of N. Clayton and W. Third Streets "in reference to a man with a gun complaint;"

    b. in a phone call to police, the complainant had described the armed man as "a black male wearing a black t-shirt, blue jeans, and a New York Yankees baseball cap;"

    c. the complainant had refused to identify himself or herself;

    d. when police came to the intersection, they saw a man who met the description which had been given by the unidentified complainant;

    e. the man who met the description was defendant Erick Coleman;

    f. police approached Mr. Coleman and conducted a warrantless seizure and search; and

    g. from defendant's waistband, police seized the firearm identified in the indictment.

5. The Fourth Amendment of the United States Constitution protects against warrantless searches and seizures.

6. An anonymous tip that a person is carrying a gun, without more, is insufficient to justify a warrantless stop and frisk. Florida v. J.L, 529 U.S. 266, 120 S. Ct. 1375 (2000).

7. Because the anonymous tip lacked sufficient indicia of reliability to establish reasonable suspicion, the police did not have authority to conduct the warrantless stop and frisk.

8. Because the police were without authority to conduct the warrantless stop and frisk, both the firearm and the ammunition within the firearm should be ordered suppressed.

9. Because the search and seizure was conducted without a warrant, the burden rests with the government to prove the applicability of an exception to the Fourth Amendment warrant requirement. <u>United States v. Herrold</u>, 962 F.2d 1131, 1137 (3d Cir. 1992).

WHEREFORE, it is requested that an evidentiary hearing be scheduled, and that Defendant's Motion to Suppress Physical Evidence be GRANTED.

Respectfully submitted,

 /s/  *Luis A. Ortiz*
LUIS A. ORTIZ, ESQUIRE
Assistant Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Date: <u>August 26, 2008</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-107-GMS |
| | : | |
| ERICK COLEMAN, | : | |
| | : | |
| Defendant. | : | |

**ORDER OF COURT**

AND NOW this _____ day of _____, 2008, upon consideration of Defendant Coleman's Motion to Suppress Physical Evidence, it is hereby ordered that the motion is GRANTED. The firearm seized by police, and the ammunition found within that firearm, are hereby ordered SUPPRESSED.

By the Court,

_____
Honorable Gregory M. Sleet
Chief Judge, District of Delaware